UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NADIA A. T.,[1] | : | Case No. 3:22-cv-12 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Nadia A. T. brings this case before the Court challenging the Social Security Administration's denial of her application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #7).

**I.  Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on August 22, 2018, alleging disability due to several impairments, including worsening of back pain, worsening of right shoulder pain, worsening of anxiety, worsening of depression, low blood pressure, hair loss, and skin problems. (Doc. #7-6, *PageID#* 254). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since August 22, 2018, the application date.

Step 2: She has the severe impairments of degenerative disc disease, degenerative joint disease of the right thumb with trigger thumb, chronic obstructive pulmonary disease, asthma, obstructive sleep apnea, migraines, obesity, anxiety, agoraphobia, depression, and post-traumatic stress disorder.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work [ ] with the following exceptions: No more than frequent handling and fingering with the right upper extremity. No more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No more than occasional exposure to extreme heat, extreme cold, humidity, vibrations, dusts, odors, fumes, and pulmonary irritants. [Plaintiff] should avoid unprotected heights, dangerous machinery, and commercial driving. [Plaintiff] can perform simple and routine tasks, but

      not at a product-rate pace and without strict performance quotas. No more than occasional contact with supervisors and co-workers; no interaction with the general public. [Plaintiff] can tolerate occasional changes to a routine work setting, defined as 1-2 per week."

      She has no past relevant work.

Step 5:  She can perform a significant number of jobs that exist in the national economy.

(Doc. #7-2, *PageID* #s 39-50). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability since August 22, 2018, the date the application was filed. *Id.* at 50.

  The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 36-50), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

  Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

  The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may

result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

In her Statement of Errors, Plaintiff contends that the ALJ erred by using the wrong legal standard and relying on flawed opinion evidence, thus creating an unwarranted additional procedural burden for Plaintiff to overcome. (Doc. #8 at *PageID #s* 1869-71). She further argues that the ALJ erred in evaluating the opinions of consultative psychologist, Giovanni M. Bonds, Ph.D. *Id.* at 1871-74. In response, the Commissioner maintains that the ALJ appropriately considered the new and material evidence submitted and that his decision is supported by substantial evidence. (Doc. #10, *PageID #s* 1886-98).

#### A. The ALJ's Compliance with *Drummond* and *Earley*

In *Drummond*, the Sixth Circuit held that the principles of *res judicata* apply to both disability applicants and the Commissioner in Social Security cases. *Id.* at 841-42. Specifically, the *Drummond* Court found that, absent evidence of "changed circumstances" relating to an applicant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. In response to *Drummond*, the Social Security Administration subsequently issued Acquiescence Ruling ("AR") 98-4(6), which provides:

4

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 WL 283902, at *3 (Soc. Sec. Admin. June 1, 1998).

The Sixth Circuit recently clarified the scope of *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the Sixth Circuit explained that *res judicata* only applies if an applicant files a subsequent application for the same period of disability that was rejected in the prior decision. *Id*. at 933. The Sixth Circuit pointed out that *Drummond* was never intended to extend *res judicata* to foreclose review of a new application for a new period of time, reasoning that "[a]ny earlier proceeding that found or rejected the onset of disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id*. Rather, in cases where disability is alleged for a distinct period of time, the application is entitled to a "fresh look." *Id*. This, of course, is not to say that a subsequent ALJ cannot consider a prior ALJ's decision. After all, in the absence of new and additional evidence, the subsequent ALJ may treat the prior ALJ's findings as "legitimate, albeit not binding, consideration in reviewing a second application." *Id*.

Nonetheless, in order to effectuate the intent of *Earley*, a meaningful "fresh look" must provide an applicant with an "opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019); *see also*, *Maynard v.*

*Comm'r of Soc. Sec.*, No. 2:18-CV-959, 2019 WL 3334327, at *6 (S.D. Ohio July 25, 2019) (Jolson, M.J.), *report and recommendation adopted*, No. 2:18-CV-959, 2019 WL 3891859 (S.D. Ohio Aug. 16, 2019) (Smith, D.J.). Otherwise, an applicant whose claim is heard before an ALJ applying the presumption set forth in AR 98-4(6) faces "an unwarranted procedural burden… at the second hearing." *Id*. In short, when evaluating a subsequent application for benefits for a distinct period of time, an ALJ may consider a previous ALJ's RFC assessment but errs "when he considers the previous RFC a mandatory starting point for the analysis." *Gale v. Comm'r of Soc. Sec.*, No. 1:18-CV-859, 2019 WL 8016516, at *5 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-859, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020); *see also*, *Dilauro v. Comm'r of Soc. Sec.*, No. 5:19 CV 2691, 2020 WL 9259708, at *10 (N.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 5:19-CV-2691, 2021 WL 1175415 (N.D. Ohio Mar. 29, 2021) ("[T]he ALJ considered this new evidence… but from a starting point of evaluating whether it was compatible with the prior RFC…. That violates the statutory framework governing disability claims."); *Dunn v. Comm'r of Soc. Sec.*, 2018 WL 4574831, at *3 (W.D. Mich.) ("In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings ... rather than a 'fresh review' of plaintiff's 'new application for a new period of time.'").

In this case, Plaintiff's instant application for benefits includes a subsequent period of time following her prior application before ALJ Kenyon. Specifically, ALJ Kenyon's decision addressed whether Plaintiff had been under a disability from February 1, 2009 through the date of his decision on September 27, 2017, while Plaintiff's instant application alleges ongoing disability

from February 1, 2009 through the date of ALJ Adkins' decision on December 23, 2020. (Doc. #7-2, *PageID* #s 36-50). In other words, Plaintiff's present application includes a distinct period of time—from September 28, 2017 through December 23, 2020—that was not considered by the previous ALJ. Here, ALJ Adkins noted that Plaintiff did not submit any new and material evidence that was relevant to the time period covered by ALJ Kenyon's September 27, 2017 decision and, thus, appropriately found that the doctrine of *res judicata* precludes consideration of the issue of disability prior to September 27, 2017. (Doc. #7-2, *PageID* #36).

Nonetheless, error exists in ALJ Adkins' review of the period following ALJ Kenyon's September 27, 2017 decision. Here, the ALJ noted that Plaintiff had, in fact, "produced new and material evidence documenting a significant change in [her] condition." *Id*. at 37. According to the Commissioner, this finding, coupled with ALJ Adkins' statement that ALJ Kenyon's previous RFC finding was "not binding," refutes Plaintiff's claim that ALJ Adkins did not consider new evidence. (Doc. #10, *PageID* #1887). Plaintiff, however, does not contend that ALJ Adkins did not consider the new and material evidence submitted for this time period. (*See* Doc. #8, *PageID* #s 1869-71; Doc. #11, *PageID* #s 1900-02). Instead, Plaintiff argues that ALJ Adkins applied the wrong legal standard, thus, depriving her of the "fresh look" mandated by *Earley*. *See id*.

While ALJ Adkins acknowledged that this subsequent period involved new, material evidence, he did not simply treat ALJ Kenyon's prior RFC determination as a "legitimate, albeit nonbinding consideration," as directed by *Earley,* but, rather, as a mandatory starting place for his own RFC determination. Indeed, prior to assessing Plaintiff's RFC determination, ALJ Adkins

7

recited the standard set forth by AR 98-4(6) and *Drummond*, despite the Sixth Circuit clarification in *Earley*. Specifically, ALJ Adkins stated:

> Regarding [Plaintiff's RFC], the Administration cannot make a different finding in adjudicating a subsequent disability claim arising under the same title of the Social Security Act, unless new and material evidence or changed circumstances provide a basis for a different finding concerning a [plaintiff's RFC] (Acquiescence Ruling 98-4(6); *Drummond v. Commissioner,* 126 F.3d 837 (6th Cir. 1997)). In this case, [Plaintiff] has produced new and material evidence documenting a significant change in [her] condition. Accordingly, [ALJ] Kenyon's previous RFC determination is not binding.

(Doc. #7-2, *PageID* #37).

Thus, although ALJ Adkins ultimately concluded that ALJ Kenyon's previous RFC determination was not binding, he did so based solely on the existence of the new and material evidence demonstrating a significant change in Plaintiff's condition. In doing so, ALJ Adkins failed to recognize that Plaintiff's new and material evidence needed to be assessed on its own merits, not against the backdrop of ALJ Kenyon's prior finding and not whether it constituted a "significant change" in Plaintiff's condition.

ALJ Adkins' mistaken understanding that he was to assess Plaintiff's condition during the period from September 28, 2017 through December 23, 2020 against the prior RFC determination by ALJ Kenyon also tainted his review of the state medical opinions. Here, ALJ Adkins recognized that all of state reviewing doctors themselves relied on *Drummond* to adopt the prior ALJ's RFC determination. (Doc. #7-2, *PageID* #48). However, as this Court has previously recognized, "as a matter of common sense, the holding in *Earley* must be extended to those reviewing doctors." *See Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 4667730, at *2 (S.D. Ohio Sept. 25, 2019) (Rice, D.J.). That is, "[l]ike the ALJ, [reviewing doctors] must take

a "fresh look" at the new and additional evidence to determine whether it supports the new application for a more recent time period. *Id*. Thus, reviewing doctors who fail to provide their own fresh look of the evidence cannot constitute substantial evidence in support of an ALJ's decision. *Id*.

Here, both ALJ Adkins and the state reviewing doctors failed to take a fresh look at Plaintiff's new and additional evidence. In this regard, ALJ Adkins' decision not only utilized the wrong legal standard, but also relied on flawed opinion evidence. Again, while it is acknowledged that ALJ Adkins ultimately imposed a more restrictive RFC than ALJ Kenyon, he erred by applying the wrong legal standard and, thus, subjecting Plaintiff to an unwarranted procedural burden. As a result, Plaintiff remains entitled to a full hearing without the additional procedural burden to overcome, which she has not yet received. *Earley*, 893 F.3d at 934 ("All roads in the end lead to this destination: The ALJ should have another opportunity to review the application under the correct standard."); *Ferrell*, 2019 WL 2077501, at *6 ("The application of the presumption in AR 98-4(6), interpreting *Drummond*, creates an unwarranted procedural burden for claimants at the second hearing ... the Court finds Plaintiff is entitled to a new hearing").

Accordingly, Plaintiff is entitled to a new hearing where her records are reviewed without a presumption that the prior RFC remains the proper RFC.[2]

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case

10

law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 7, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge